ELECTRONICALLY FILED
2013-May-24 11:25:06
60CV-13-2183

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### CIVIL DIVISION

| | |
|---|---|
| **LACEY MOORE, on behalf of herself, and all others similarly situated** | **PLAINTIFFS** |
| **vs.**          **CASE NO.:**_____ | |
| **MAXUS PROPERTIES, INC.** | **DEFENDANT** |

### COMPLAINT – CLASS ACTION

COMES NOW the Plaintiff Lacey Moore, by and through her attorneys Davidson Law Firm, Ltd., pursuant to Arkansas Rule of Civil Procedure 23, on behalf of herself and others similarly situated, and for her Complaint – Class Action states the following:

#### Statement of the Case

1. This Arkansas class action lawsuit involves the fire at Forest Place Apartments in Little Rock, Arkansas (hereinafter "Forest Place") on or around May 16, 2013 (hereinafter "the Fire"), and directly impacts the individuals who were residents of Forest Place Apartments at that time.

2. Upon information and belief, 34 apartments were destroyed by the Fire, and 150 people sustained damage to their personal property as a direct result of the Fire.

3. Plaintiffs bring this lawsuit to recover for the permanent damage sustained through loss of personal property, the expenses of replacement housing, both physical and emotional injury, and the cost of medical expenses on behalf of all tenants as similar residents of Forest Place at the time of the Fire.

## Parties

4. Plaintiff Lacey Moore currently resides at 42 Berkshire Drive, Little Rock, Arkansas 72204, Pulaski County.  Ms. Moore was a resident of Forest Place at the time of the Fire, and has sustained extensive damages as a result of the Fire.

5. Upon information and belief, Forest Place is owned by Maxus Properties, Inc. (hereinafter "Maxus).  Maxus is a Missouri foreign corporation authorized to business in the State of Arkansas.  Maxus can be served with process through its Arkansas registered agent The Corporation Company, 124 W. Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

6. At all times alleged herein, Defendant owned, failed to maintain, and failed to inspect the Forest Place apartments located in Little Rock, Pulaski County, Arkansas.

## Jurisdiction and Venue

7. This Court has jurisdiction of this matter in that the wrongdoing alleged in this Complaint took place in Pulaski County, Arkansas.  Maxus is authorized to do business in the State of Arkansas, and has purposefully availed itself to Arkansas jurisdiction.

8. Venue is proper in this Court pursuant to A.C.A. § 16-55-213.

## Factual Allegations

9. Defendant owns and maintains Forest Place, which is an apartment complex located at 1421 N. University Avenue, Little Rock, Arkansas 72207.

10. As part of their lease agreements with Defendant and Forest Place, residents are required to purchase renter's insurance through a renter's insurance plan offered by Defendant and Forest Place.  Representatives of Defendant and Forest Place told Plaintiff Lacey Moore that the purpose of the insurance was to "protect you and us."

11. Plaintiff Lacey Moore was initially told by Representatives of Defendant and Forest Place that her renter's insurance covered her personal property. Ms. Moore has now been informed that her policy covers personal liability only.

12. Pursuant to the Plaintiffs lease agreements, and in consideration for the rent paid by the residents, Defendant owes a duty to the Plaintiffs to provide safe living conditions.

13. The Fire alleged in this Complaint occurred on or around May 16, 2013. Early reports show that the Fire began in the apartment's garbage collection system, whereby a central trash chute leads down to a dumpster in the parking area. The Fire traveled up through the trash chute into the attic of the apartment building, causing destruction of at least 34 individual apartments.

14. On numerous occasions the trash chute would be filled completely from the dumpster below, all the way to the depository door. This created multiple fire hazards.

15. This Fire was the third fire to occur at Forest Place since February of 2013. All three fires reportedly occurred in the same garbage collection system.

16. Specifically due to the multiple occurrences of fires caused in the same manner, Defendant owed a duty to the Plaintiffs to provide safe living conditions, and to take precautions to prevent subsequent fires, including the Fire on May 16, 2013.

17. In a breach of its duty owed to the Plaintiffs, Defendant did not take, and has not taken, any action in an attempt to protect the Plaintiffs after the occurrences of the first, second, and third fires.

18. Despite the multiple fires, Defendant continuously failed to provide adequate fire detection methods, in that Defendant failed to provide the Plaintiffs with adequate smoke detectors and adequate fire alarms.

3

19. Despite the multiple fires, Defendant continuously failed to provide adequate security to the Plaintiffs, in that Defendant failed to provide the Plaintiffs with adequate security camera coverage and adequate fire sprinklers.

20. Despite the multiple fires, Defendant has failed and refused to remedy the faulty design of the trash chute.

### Class Action Allegations

21. Plaintiff brings this claim for herself and for all others similarly situated to obtain monetary relief pursuant to Arkansas Rule of Civil Procedure 23. Plaintiffs seek to certify this lawsuit as a class action, and Lacey Moore seeks to be appointed as the class representative authorized to bring this collective action.

22. The class is comprised of "all residents of Forest Place as of May 16, 2013 who sustained damages from the Fire on or around May 16, 2013." The class members may be identified with precision through objective criteria. The exact number of class members is unknown at this time, but the approximate size of the class is in the hundreds. Pursuant to Arkansas Rule of Civil Procedure 23, the class is so numerous that joinder of all members is impracticable.

23. Pursuant to Arkansas Rule of Civil Procedure 23, there are questions of law and/or fact common to the class members. The class members all were residents in the unsafe Forest Place building affected by the Fire, and were all subject to the actions and inactions of the Defendant. The claims of each class member arise from a common nucleus of operative facts relevant to each class member, and each class member is suing under common legal theories. The common issues of law or fact for the class include, but are not limited to:

4

    a.  Whether Defendant owed a duty to maintain a safe residence to Plaintiffs in light of the multiple and similar fire occurrences;

    b.  Whether Defendant breached its duty by failing to provide and maintain a safe residence;

    c.  Whether Defendant's breach was the proximate cause of damages to the Plaintiffs; and

    d.  What is the measure of the class-wide damages?

24. Pursuant to Arkansas Rule of Civil Procedure 23, the claims of Lacey Moore are typical of the claims for the rest of the class members.  There is also common liability and common wrongful conduct by the Defendant applicable to all class members, and the defenses of the Defendant are expected to be common toward the class members.

25. Pursuant to Arkansas Rule of Civil Procedure 23, Lacey Moore will fairly and adequately represent and protect the interests of the class members, as she was a resident of Forest Place as of May 16, 2013 who sustained damages as a result of the Fire.

26. Lacey Moore has retained counsel to represent her and the class members who have extensive experience representing parties related to tortious conduct and damaged property claims, and who have knowledge and experience of the laws applicable to this case, and who have knowledge of the procedural nature of Arkansas Rule of Civil Procedure 23.

27. This lawsuit should be certified as a class action because individually affected members who prosecute separate actions would cause unnecessary extensive litigation which would result in the risk of inconsistent findings on the same set of operative findings of liability.  There would be inconsistent and varying adjudications with respect to

individual class members that would establish incompatible standards of conduct for the Defendant, and individual adjudications would affect the interest and rights of individuals not made a party to this lawsuit.

28. Pursuant to Arkansas Rule of Civil Procedure 23, the common questions of law and fact predominate over any questions affecting individual members. This lawsuit as a collective action is a superior means of litigating this case for the reasons states above.

### Claim I – Negligence

29. Plaintiffs reallege the preceding paragraphs and incorporate them by reference herein as though stated word-for-word.

30. Defendant owed a duty to Plaintiffs to provide safe living conditions, free from the unnecessary dangers of similar multiple fire occurrences.

31. Defendant breached its duty to Plaintiffs by continuously failing and refusing to provide adequate fire detection methods and adequate fire prevention security measures.

32. Defendant breached its duty by continuously failing to provide and maintain an adequate trash collection design.

33. In light of Defendant promoting insurance coverage that protected both the Defendant's property and the Plaintiffs' property, Defendant owed a duty to provide an insurance plan that did so.

34. Defendant has breached its duty by providing an insurance plan to Plaintiffs that includes only liability coverage.

35. As a direct and proximate result of Defendant's breach of these duties, Plaintiffs have suffered damages including permanent damage sustained through loss of personal property, the expenses of replacement housing, both physical and emotional injury, and

the cost of medical expenses. The exact amount of these damages is unknown at this time, but will be proven at the trial of this matter.

36. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs respectfully pray that this Court grant them the following relief as follows:

a) For an order certifying this lawsuit to proceed as a class action;

b) For an order appointing Lacey Moore as Class Representative and appointing her counsel as counsel for all Class Members;

c) For compensatory damages for each Class Member;

d) For pre-judgment interest and post-judgment interest;

e) For costs, expenses, and fees;

f) For reasonable attorney fees; and

g) For all other just and proper relief to which they may be entitled.

Respectfully submitted,

 /s/ Benjamin A. Kent
Benjamin A. Kent, AR Bar #2006273
Charles Darwin "Skip" Davidson AR Bar #73026
*Davidson Law Firm, Ltd.*
724 Garland, Cantrell at State
P.O. Box 1300
Little Rock, AR 72201
(501) 374-9977
Fax: (501) 374-5917
E-mail: benk@dlf-ar.com
        skipd@dlf-ar.com

*Attorneys for Plaintiffs*